[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
FACTS
This is an action for libel filed by the plaintiffs, Red Apple II, Inc., and Sung Chen, against the defendants, Hartford Courant, its editor, David Barrett, and reporters, Eric Lipton and Thomas D. Williams. On April 24, 1995, the plaintiffs filed a four-count first amended complaint against the defendants, alleging the following:
Plaintiff Chen owned a restaurant known as Red Apple II, CT Page 426 which was located at 450 Franklin Avenue in Hartford. Prior to January 20, 1994, the plaintiff, who is Chinese, was favorably known among a large number of Chinese residents of the city of Hartford and its vicinity. The plaintiff had built up a valuable clientele in Hartford and neighboring towns, and had earned and enjoyed the reputation of being a man of integrity and fair dealing. As such, the plaintiff had acquired, enjoyed and valued the respect and esteem of the people in the localities where he is acquainted and where he transacted business.
On February 25, 1994, the defendant Barrett, editor of the Hartford Courant, and defendant reporters Eric Lipton and Thomas D. Williams caused certain defamatory matter concerning the plaintiff's business to be published in the Hartford Courant. The defamatory matter included a statement that state health inspectors "found evidence of heavy rodent infestation, including food contaminated with rodent droppings" in the plaintiff's restaurant. The defendants meant that the plaintiff lacked integrity and that the plaintiff, as owner of Red Apple II, served food which contained rodent droppings.
The plaintiff requested in writing that the defendants retract the libelous charge in as public a manner as that in which it was made, but the defendants failed to do so within a reasonable time. The publication was "read by many of the plaintiff's customers, prospective customers, friends, and led them to decline to enter into certain business engagements with the plaintiff, which they would have otherwise entered into."
In count one, the plaintiff claims that the defendants' statement that the state inspectors "found evidence of heavy rodent infestation, including food contaminated with rodent droppings" in the plaintiff's restaurant was false and malicious.
Count two, which also sounds in defamation, arises from a second article that was published by the defendants. Specifically, the plaintiff alleges that "on March 4, 1994, the defendants published in the Hartford Courant a defamatory article which read "[Red Apple] did not meet basic state standards" and stated in its headline that "All but 3 restaurants [Red Apple, Chef Antonio and Esmeralda] pass CT Page 427 reinspection." The plaintiff claims that this publication is false because the plaintiff passed the follow-up inspection with an 81 rating. The plaintiff further claims that the defendants published its heading, knowing that it was false, with malice and intent to cause plaintiff economic harm and injury to his reputation.
In count three, which sounds in libel by innuendo, the plaintiff claims that "four of the inspected restaurants were also cited for the presence of rodent droppings, "and the Hartford Courant failed to publish this fact. The plaintiff claims that the defendants failed to publish this fact "in order to hold plaintiff out to greater scrutiny and ridicule than other similarly situated restaurants, causing further damage to plaintiff's business, personal reputation and good name."
Count four sounds in intentional infliction of emotional distress on the part of the defendants. Also, in count four, the plaintiff seeks recovery for his family as well as himself.
On August 17, 1995, the defendants filed a motion for summary judgment as against the entire first amended complaint on the grounds that: (1) the publications were privileged as a report of public records; (2) the reports about the plaintiff were fair and accurate reports of what the health inspection reports included; (3) libel by omission or innuendo is not available to the plaintiff; and (4) there was no intentional infliction of emotional distress. Pursuant to Practice Book § 380 the defendants submitted a memorandum of law and affidavit of defendant David S. Barrett, who was editor of the Hartford Courant at the time of the alleged defamation, in support of their motion for summary judgment. Additionally, the defendants submitted the affidavits of reporters Thomas D. Williams and Eric Lipton, as well as two exhibits in support of their motion.
On September 18, 1995, the plaintiffs filed a memorandum of law in opposition to the defendants' motion for summary judgment.
DISCUSSION
"Pursuant to Practice Book § 384, summary judgment shall CT Page 428 be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524,530, 620 A.2d 99 (1993). "[A] party seeking summary judgment has the burden of showing the nonexistence of any material fact." Id. However, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scinto v. Stamm, supra, 224 Conn. 530. "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted.) Connell v.Colwell, 214 Conn. 242, 247, 571 A.2d 116 (1990).
In their memorandum of law in support of their motion for summary judgment, the defendants argue that the statements contained in the articles are an accurate and fair report of the contents of the health department reports. The defendants further argue that "the publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported." (Defendants' Memorandum in Support of Motion for Summary Judgement, p. 9). The defendants argue that the plaintiff does not dispute that the reports say what they say. Therefore, the defendants assert that the plaintiff cannot maintain a cause of action for libel and summary judgment should be granted in their favor as to all four counts.
In his memorandum in opposition, the plaintiff argues that the statement in defendants' article that "inspectors found evidence of heavy rodent infestation, including food contaminated with rodent droppings" is false and malicious. The plaintiff further argues that the statement was taken from interoffice memoranda summarizing the health inspection findings. The plaintiff argues that the statement was not taken from an official health inspection report.
Additionally, the plaintiff asserts that the defendants CT Page 429 failed to present the whole picture when defendant Hartford Courant failed to publish that other restaurants were cited for similar deficiencies.
Libel has been defined in Connecticut as "a false and malicious publication of a person which exposes him to public ridicule, hatred or contempt or hinders virtuous men from associating with him." (Citations omitted.) Terry v.Hubbell, 22 Conn. Sup. 248, 255, 167 A.2d 919 (1960). When a libel is expressed in clear and unambiguous terms, the question whether it is libelous per se is one of law for the court. Proto v. Bridgeport Herald Corporation, 136 Conn. 557,565, 72 A.2d 820 (1950). Additionally, if the alleged defamatory words could not be considered defamatory in any sense, the matter becomes an issue of law for the court.Charles Parker Co. v. Silver City Crystal Co., 142 Conn. 605,612, 116 A.2d 440 (1955). "Whether a published article is libelous per se must be determined upon the face of the article itself. The statements contained therein, taking them in the sense in which common and reasonable minds would understand them, are determinative and may not for this purpose be varied or enlarged by innuendo." Proto v.Bridgeport Herald Corporation, supra, 136 Conn. 565.
Defenses and Privilege
"Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313,316, 477 A.2d 1005 (1989). In an action for libel in Connecticut, publications of a plaintiff's name is conditionally privileged if made by the news media in a matter of public interest, without malice. See Bleich v. Ortiz,196 Conn. 498, 501, 493 A.2d 236 (1985). "For the defense of conditional privilege to attach, a defendant must assert an objective interest sufficiently compelling to warrant protection of an otherwise defamatory communication." Id. "A qualified or conditional privilege arises out of an `occasion,' such as, when one acts in the bona fide discharge of a public or private duty." (Citations omitted.) Miles v.Perry, 11 Conn. App. 584, 594 n. 8, 529 A.2d 199 (1987). Despite the assertion of such an interest, a conditional or qualified privilege is defeated if the defendant acts with malice, or if the scope or manner of publication exceeds what is reasonably necessary to further the interest. Bleich v.CT Page 430Ortiz, supra, 196 Conn. 504.
"Whether a defamatory communication implicates an interest worthy of protection is a question of law for the trial court to determine, but whether the privilege is nevertheless defeated through its abuse is a question of fact to be decided by the jury." Id., 501. "It is for the court to determine, as a matter of law, whether the defendant made the defamatory statements while acting on an occasion of privilege. . . ." Miles v. Perry, supra, 11 Conn. App. 594
n. 8.
In his memorandum of law, the plaintiff concedes that the statements taken from the health inspection report are a fair and accurate report of the events. (See Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgement, p. 2.) Nonetheless, the plaintiff argues that the statements were false and malicious.
The complete text of the statement in the February 25, 1994 edition of the Hartford Courant states that "In two of the cases — a Chinese restaurant and a Columbian restaurant, both on Franklin Avenue — inspectors found evidence of heavy rodent infestation, including food contaminated with rodent droppings." This is an accurate and fair report of the health inspection report. As is conceded by the plaintiff himself, in his memorandum of law, the health inspection report reads that "[The Red Apple and The Esmeralda establishments] were found to have signs of heavy active infestation including many foods contaminated with rodent droppings. . . ." The statement is an accurate and fair account of findings reported in an unofficial document. As such, absent an abuse of its conditional or qualified privilege to publish such statements, the defendant newspaper cannot be held liable for libel to the plaintiff.
The plaintiff argues that the statements are, nevertheless, false and malicious because they were taken from interoffice memorandum as opposed to the official health inspection report dated January 20, 1994. The plaintiff argues that absent from the official report and the health inspector's contemporaneous notes is either the mention of rodent droppings inside a walk-in refrigerator, or heavy rodent infestation at the Red Apple II facility.[1] The plaintiff further argues that defendant Hartford Courant CT Page 431 failed to present the whole picture when it failed to publish that other restaurants were cited for similar deficiencies.
This court disagrees with the plaintiff. It has not produced any evidence, in the form of a counter-affidavit or any document to suggest that any reasonable person would believe that the publications were false and malicious. The statements in the articles published by defendant Hartford Courant were a fair and accurate report of findings reported by the health department. All of the restaurants inspected were listed by name, address and score at the end of the article dated February 25, 1994.
For defamation purposes "malice" includes any improper or unjustifiable motive. It does not require proof of spite or ill will. Bleich v. Ortiz, supra, 196 Conn. 504. Actual malice is shown where the defendant utters a defamatory statement with knowledge that it is false or with a reckless disregard of the truth or falsity of the fact stated.Moriarty v. Lippe, 162 Conn. 371, 387, 294 A.2d 326 (1972).
In the present case, the defendants' publication of the statements does not constitute malice. Rather, the statements were a fair and accurate account of the findings contained in the health inspection report. Therefore, the defendants cannot be held liable for libel to the plaintiff for such publications.
Scope of Privilege
The plaintiff does not argue that the alleged defamatory statements were not actual findings of the health inspector. In fact, the plaintiff concedes that the defendants "have accurately reported the statements contained in the health inspectors [sic] February 3, 1994 summary of the fifteen inspections he completed on January 20, 1994." (Plaintiff's Memorandum in Opposition, p. 5.) Rather, the plaintiff argues that the defendants are not privileged to republish the statements because they were not contained in the official health inspection report on Red Apple II, dated January 20, 1994. The plaintiff argues that the scope of the defendants' privilege to republish is limited only to materials contained in the official health report, and does not extend to matters contained in the unofficial interoffice memorandum of the health inspector's findings. The plaintiff asserts that since CT Page 432 an unofficial interoffice memorandum is not a public record, the defendants are not entitled to either common law or statutory privilege in republishing these statements.
The Restatement of the Law of Torts (Second) § 611 provides:
 The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.
The scope of the privilege, set forth in comment d, extends to:
 The report of any official proceeding, or any action taken by any officer or agency of the government of the United States or of any State or its subdivisions. Since the holding of an official hearing or meeting is in itself an official proceeding, the privilege includes the report of any official hearing or meeting, even though no other action is taken. The filing of a report by an officer or agency of the government is an action bringing a reporting of the governmental report within the scope of the privilege.
(Emphasis added.) The plaintiff argues that "[t]his privilege clearly applies to official or `formal' actions, as opposed to informal governmental proceedings and also applies to `governmental' actions." (Plaintiff's Memorandum in Opposition, p. 5.) The plaintiff argues that since the director of health is empowered by statute to protect the public health, only a report authorized by the director of health or a formal report emanating from her office is entitled to either statutory or common law privilege. Id. The plaintiff argues that it necessarily follows that the health inspector's statements reported by defendant Hartford Courant are not entitled to any statutory or common law privilege.
This court disagrees with the plaintiff. The health inspector is employed by the director of health. As an CT Page 433 employee or agent of the director of health, a health inspector acts within the scope of her employment when she engages in activities in furtherance of the duties of the director of health. See General Statutes § 19a-244. Additionally, any action taken by the health inspector in performing her official duties constitutes "governmental" action.
Therefore, the health inspector's statements reported by defendant Hartford Courant are privileged and may be republished by the defendants as a matter of public interest. Accordingly, there exist no genuine issues of material fact and the defendants are not liable for libel to the plaintiff for republishing these statements.
Libel by Innuendo
"Before a party will be held liable for libel, there must be an unprivileged publication of a false and defamatory statement." (Citations omitted.) Strada v. ConnecticutNewspaper, Inc., supra, 193 Conn. 316. Truth is an absolute defense to an allegation of libel. Goodrich v. WaterburyRepublican-American, Inc., 188 Conn. 107, 112, 448 A.2d 1317
(1982). This court has already established that defendant Hartford Courant's republication of statements contained in the health inspector's memorandum and the report of the director of health are privileged and, as such, are not libelous. However, the plaintiff argues that certain passages in the article are false or give rise to false innuendo.
Specifically, the plaintiff alleges that the defendants held Red Apple II out to ridicule and subjected them to greater scrutiny when they failed to present the whole picture. The plaintiff argues that the defendants reported that two establishments, including Red Apple II, were found to have "heavy rodent infestation." However, the plaintiff argues, the official health inspection report for Red Apple II states the presence of mouse droppings throughout. The plaintiff asserts that the inspector did not use the word heavy to describe whether the mouse droppings that he observed throughout the facility were light, medium or heavy. According to the plaintiff, "heavy as used in the article would lead any reasonable person to believe that the mouse droppings were piled high, deep and wide throughout the facility." (Plaintiff's Memoranda in Opposition, p. 7.) CT Page 434
Additionally, the plaintiff argues that the defendants published false information when they included statements contained in the unofficial interoffice memorandum of the health inspector. Finally, the plaintiff argues that, "by omitting from the article that three additional restaurants were reported to have either rodent infestation or evidence of possible rodent infestation, Defendants further intensified the negative slant of the article." Id., p. 8.
An examination of the allegations in the first amended complaint, the affidavits of defendant editor Barrett, reporters Lipton and Williams,[2] and the plaintiff's own concession shows that the statements contained in the articles are substantially true. As acknowledged by the Connecticut Supreme Court in Strada v. Connecticut Newspapers, Inc.,
supra, 193 Conn. 317, "[f]acts do not cease to be facts because they are mixed with the fair and expectant comment of the story teller, who adds to the recital a little touch by his piquant pen." (Citations omitted.) Id. The articles consist of a fair and accurate account of the health inspector's report and the official report of the health department. To that extent, the republication of those facts by defendant Hartford Courant in the absence of malice does not rise to the level of libelous conduct. Both articles reported that state law requires an inspection rating of no less than eighty percent and that only one of the restaurants received a score above eighty percent on the initial inspection. The first article, dated February 25, 1994, reported that Red Apple II received the lowest score on the initial inspection. See exhibit A, p. 2. The first article also reported the name and address of the restaurant that received the second lowest score on the initial inspection and, most importantly, listed the name, address and scores of all the restaurants that did not pass the initial inspection.
Additionally, the second article, dated March 4, 1994, correctly reported that although Red Apple II received a passing score of eighty-one on reinspection, Red Apple II did not meet basic state standards because it had one major violation.[3] All of these statements are substantially true. Yet, the plaintiff complains that defendant Hartford Courant held Red Apple II out to "ridicule and subjected them to greater scrutiny when they failed to present the whole picture." (Plaintiff's Memorandum of Law in Opposition, pp. CT Page 435 6-7.)
The defendants correctly point out that "[e]ven if, in addition to Esmeralda, there were other restaurants with rodent problems, that would in no way affect the gist of the report in [the articles] about Red Apple II." (Defendants' Memorandum in Support, pp. 17-18.) The defendants argue that Red Apple II would still be listed as having the above listed problems. This court should find persuasive the defendants' reasoning that if customers stayed away from Red Apple II because it had rodent problems, there is no reason to believe they would have continued their patronage if they had known two other restaurants had rodent problems.
In the present case, the plaintiff attempts to recover from a publication where all the underlying and stated facts are true, or substantially true, claiming that the slant of the article gives rise to allegedly false and defamatory implications. However, the plaintiff has not produced, nor can this court find, the existence of additional material facts which, if reported, would have changed the tone of the articles. As the Court in Strada v. Connecticut Newspapers,Inc., supra, 193 Conn. 323, articulated, "first amendment considerations dictate that an article [concerning a matter of public importance] composed of true or substantially true statements is not defamatory regardless of the tone or innuendo evident."
This court concludes as a matter of law that the plaintiff cannot recover for libel against the defendants. The truthful nature of the alleged defamatory statements and the benefit that the public receives from defendants' publication of those statements greatly outweigh any embarrassment that the plaintiff might have suffered as a result of the defendants' publication. Therefore, the plaintiff is precluded from recovery under a cause of action in libel.
Count four — Intentional Infliction of Emotional Distress
In count four, the plaintiff alleges that the defendants' publication of the defamatory statements has caused the plaintiff to suffer emotional distress. The emotional distress is a derivative of the plaintiff's defamation claims. Since this court concludes that the plaintiff, as a matter of CT Page 436 law, cannot recover for defamation, it necessarily follows that summary judgment should also enter against the plaintiff on any derivative claims. Therefore, the plaintiff cannot recover for intentional infliction of emotional distress. Accordingly, summary judgment should enter in the defendants' favor on this ground.
For all the foregoing reasons, this court grants the defendants' motion for summary judgment as to counts one, two, three and four of the first amended complaint.
HALE, Judge Referee